The Honorable Jodie Mahony State Senator 106 West Main El Dorado, AR 71730
Dear Senator Mahony:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), which codified at A.C.A. § 25-19-101et seq. (Repl. 1992 and Supp. 1995). You state that in Union County, Lion Oil Company, as a courtesy to the Union County Tax Assessor, provides records of oil and gas leases by location with contract prices and other data attached. You state further that a competing company in Texas has made an FOIA request for these records. Your specific question is this regard is as follows:
 As custodian of records can the Union County Assessor refuse to release these records under 25-19-105, exemption (9)(a) files, which if disclosed would give advantage to competitors or bidders?
This ultimately requires a factual determination that is ordinarily not within the scope of an Attorney General opinion. It is my understanding that the custodian of the records (Tax Assessor) has determined that the records in this instance are in fact exempt under this so-called "competitive advantage" exemption. I cannot conclude, based upon the facts of which I am aware, that this determination is necessarily wrong. It must be emphasized, however, that I am not in a position to act as a factfinder in reviewing that decision. I will, instead, set forth what I believe is the applicable legal framework for the factual analysis.
It must be initially noted that the FOIA provides for the inspection and copying of public records "by any citizen of the State of Arkansas. . . ." A.C.A. § 25-19-105(a) (Supp. 1995). The Tax Assessor can thus refuse an FOIA request by a Texas company, assuming that the citizen requirement is not met. I will, nevertheless, address the substantive question in this instance, given the likelihood that the company can submit the request through a citizen of Arkansas.
As I have indicated, application of the so-called "competitive advantage" exemption, referenced in your question above, requires a case-by-case factual determination. See, also Op. Att'y Gen. Nos. 95-108 and 91-390. With regard to the applicable legal analysis, the absence of any guidance in the FOIA or judicial precedent in Arkansas prevents a conclusive formulation. I have, however, previously followed the federal test in construing this exemption. See Op. Att'y Gen. Nos. 96-363, 94-015, and 91-390. The federal courts, in determining whether "commercial or financial information" is "confidential" and thus exempt under the federal FOIA (5 U.S.C.A. § 552(b)(4)) have required that release of the information would be likely to have either of the following effects: (1) impair the government's ability to obtain necessary information in the future or (2) cause substantial harm to the competitive position of the person from whom the information was obtained. National Parks Conservation Ass'n v. Morton, 615 F.2d 527 (D.C. Cir. 1979). The burden of proving eligibility for the exemption is upon the entity seeking nondisclosure. See Gannett River States Publishing Co. v. ArkansasIndus. Dev. Comm'n., 303 Ark. 684, 799 S.W.2d 543 (1990). Specific factual or evidentiary material must be presented showing actual competition and the likelihood of substantial competitive injury from disclosure of the records. Op. Att'y Gen. 95-108. This review is highly factual in nature and must be undertaken by the custodian of the records with the assistance of the one claiming competitive harm. Id. The public policy behind the FOIA indicates that public records are presumed to be open. See Commercial Printing Co. v. Rush, 261 Ark. 468, 549 S.W.2d 790
(1977). The records are to be closed only if they fit within one of the specific exemptions.
With regard to the particular records in question, it seems clear as an initial matter that they are "public records" under the FOIA as they are "maintained in public offices or by public employees within the scope of their employment. . . ." A.C.A. § 25-19-103(1) (Repl. 1992). They are thus open to inspection and copying unless they fall within a specific exemption. The competitive advantage exemption must then be considered.
It is my understanding that the Tax Assessor has historically relied upon the oil companies' submission of the records in question in order to assess the owners of royalty interests in oil leases. There is no requirement that the records be submitted. The information necessary for such assessments is, as I understand it, a matter of public record; that is, other public records exist from which the necessary data could be assembled. I am told, however, that the information cannot reasonably be compiled from existing public records, given the extraordinary amount of time and effort that would be involved in such an effort. Hence, the Assessor uses the oil companies' records.
It might be contended that release of the records will impair the Assessor's ability to obtain necessary information in the future (see federal test, discussed above), because Lion Oil Company will presumably no longer provide its records if the records are not considered exempt. I have found no support for the proposition, however, that the "impairment" test can be met when the necessary information is contained in other public records. My research indicates that this test applies when a private entity submits information that is otherwise not a matter of public record. See, e.g., Critical Mass Energy Project v. NRC,975 F.2d 871 (D.C. Cir. 1992). It must be conceded in this instance that the information can be obtained from existing records, albeit with difficulty it seems.
With regard to a showing of substantial competitive harm, as stated above, it is my understanding that the custodian of the records (Tax Assessor) has determined that the records are exempt on this basis. The custodian is the one who must make this factual determination as to whether release of the records would arm a competitor with valuable information such that substantial competitive injury would result to the one submitting the records. Although I have not viewed the actual records in this instance, it is my understanding that they are a compilation of information and include oil wells by name and description, with a full breakdown of the names and addresses of royalty owners together with each owner's percentage interest. While this information can apparently be gleaned from other public records, it is contended that competitors are currently at a great disadvantage because of the time and expense that would be required for such a search.
While I believe, as a general matter, that it may be difficult to sustain the burden of proving substantial competitive harm when the information can be derived from other non-exempt public records, it is my opinion that the one seeking the exemption is not automatically foreclosed from making such a showing. My research has disclosed no helpful case law on this point. A conclusive determination may therefore require resort to the courts. Until a court determines otherwise, however, I believe the custodian in an instance such as this can undertake the necessary factual review and apply the competitive advantage exemption if warranted under the circumstances. The custodian's decision will, of course, be subject to judicial review if challenged.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh